**Exhibit B**

**Declaration of Nellwyn Voorhies**

Case 23-90558   Document 6-2   Filed in TXSB on 05/23/23   Page 1 of 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-90558** |
| **PARADOX RESOURCES, LLC,** *et al.***,** | § | |
| | § | **Chapter 11** |
| **Debtors.** | § | |
| | § | **(Joint Administration Requested)** |

**DECLARATION OF NELLWYN VOORHIES IN SUPPORT
OF DEBTORS' EMERGENCY APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF DONLIN, RECANO &
COMPANY, INC. AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS**

Nellwyn Voorhies, under penalty of perjury, declare as follows:

1. I am the President of Donlin, Recano & Company, Inc. ("DRC" or "Agent"), a chapter 11 administrative services firm, whose offices are located at 6201 15th Avenue, Brooklyn, New York 11219. Except as otherwise noted in this declaration (this "Declaration"), I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently as follows.

2. I submit this declaration in support of Debtors' (collectively, the "Debtors") *Emergency Ex Parte Application for an Order Authorizing the Employment and Retention of Donlin, Recano & Company, Inc. as Claims and Noticing Agent to Debtors,* filed contemporaneously herewith (the "Application").[1]

3. Agent represents the following:

    (a) Agent, its members, and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders, or employees of the Debtors;

    (b) Agent will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Application.

(c) By accepting employment in these chapter 11 cases, Agent waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Agent will not be an agent of the United States and will not act on behalf of the United States;

(e) Agent will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f) Agent is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, Agent will not intentionally misrepresent any fact to any person;

(h) Agent shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

(i) Agent will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Agent as Claim and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk.

4. I cause to be submitted for review by our conflict system the names of all known potential parties in interest (the "Potential Parties in Interest") in these chapter 11 cases. The results of the conflict check were compiled and reviewed by Agent professionals under my supervision. Agent is not aware of any connection that would present a disqualifying conflict of interest. Should Agent discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Agent will use reasonable efforts to promptly file a supplemental declaration.

5. To the best of my knowledge, neither Agent, nor any of its professionals, has any material adverse connection to the Debtors, their creditors, or other relevant parties. Agent may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Agent serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

6. Agent discloses the following connections, each of which Agent believes does not present an adverse interest to Debtors:

    (a) Certain of DRC's professionals were formerly employed by various firms that may be creditors or may provide professional services to parties in interest in these Chapter 11 Cases. Such firms may include, but are not limited to: Paul Hastings LLP; Paul, Weiss, Rifkind, Wharton & Garrison LLP; Kaye Scholer LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Sheppard, Mullin, Richter & Hampton LLP; Baker & McKenzie LLP; Clifford Chance LLP; Hughes Hubbard & Reed LLP; Davis Polk & Wardwell LLP; Levene, Neale, Bender, Yoo & Brill L.L.P.; Law Offices of David Carlebach, Esq.; Blank Rome LLP; Anderson Kill P.C.; Willkie Farr & Gallagher LLP; Dechert LLP; Pryor Cashman LLP; Schulte Roth & Zabel LLP; Kurtzman Carson Consultants LLC; Epiq Bankruptcy Solutions, LLC; Rust Consulting/Omni Bankruptcy; and Wells Fargo Bank. Except as disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these Chapter 11 Cases were filed.

    (b) DRC is an affiliate of American Stock Transfer & Trust Company, LLC ("AST"). AST is a global financial communications and stakeholder management company. Within the AST corporate structure, DRC operates as a separate and independent legal entity. Given the legal and operational separateness of DRC from AST, DRC does not believe that any relationships that AST and its affiliates maintain would create an interest of DRC that would be materially adverse to the Debtors' estates or any class of creditors or equity security holders.

7. I believe that Agent is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

3

4890-3401-1492, v. 2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 23, 2023	**DONLIN, RECANO & COMPANY, INC.**

*/s/ Nellwyn Voorhies*
Nellwyn Voorhies
President

4