IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-90558 |
| **PARADOX RESOURCES, LLC**, *et al.*, | § | |
| | § | Chapter 11 |
| Debtors.[1] | § | |
| | § | (Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX AND A CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS AND (B) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION AND (II) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT OF CHAPTER 11 CASES AND OTHER INFORMATION**

> EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 3:30 P.M. (PREVAILING CENTRAL TIME) ON MAY 24, 2023.
>
> IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.
>
> A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 24, 2023 AT 3:30 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.
>
> PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.
>
> AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE JONES' HOME PAGE. THE MEETING CODE IS "JUDGEJONES". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Paradox Resources, LLC (7152); Paradox Midstream, LLC (2127); Paradox Upstream, LLC (0256); Capital Commercial Development, Inc. (3124); Neuhaus Barrett Investments, LLC (5529); Four Corners Energy, LLC (8159); and Four Corners Pipeline, LLC (8748).  The Debtors' service address is: 500 Dallas Street, Suite 1600, Houston, Texas 77002.

> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JONES' HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Paradox Resources, LLC, *et al*., the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby file this *Emergency Motion for Entry of an Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix and a Consolidated List of 30 Largest Unsecured Creditors and (B) Redact Certain Personal Identification Information and (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information* (the "Motion"), and in support hereof, respectfully state as follows:

## I.   JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested this Motion are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 1001-1(d) and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## II.   BACKGROUND

3. On May 22, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

5. The Debtors are a Houston-based independent midstream and upstream company focused on helium processing and sales, as well as oil and gas production. The Debtors operate primarily in the Paradox Basin in southern Utah and Colorado, near what is commonly referred to as the Four Corners region. The Debtors' operations are divided amongst three integrated business segments: Paradox Midstream, Paradox Upstream, and Paradox Downstream.

6. Midstream owns and operates the sole natural gas processing plant in the Paradox Basin (the "Lisbon Plant") and more than 521 miles of rich gas gathering pipelines. The Lisbon Plant, located approximately 35 miles southeast of Moab, Utah in the Lisbon Valley, is a 60 MMcfd treating plant with 1.1 MMcfd of helium processing capacity made up of purification and Liquefaction capabilities, a 45 MMcfd cryogenic plant, and a 10 MBpd fractionation train. The Lisbon Plant was specifically engineered to process the natural gas from the Paradox Basin that typically contains high amounts of carbon dioxide, hydrogen sulfide, nitrogen, and helium. Midstream's gathering system includes: (i) approximately 262 miles of wholly owned and operated pipelines; and (ii) approximately 259 miles of pipelines operated under agreements with the Navajo Nation.

7. Upstream owns and operates six conventional fields with 119,000 net acres held-by-production in the McCracken, Leadville, Ismay, La Sal, Honaker Trail and Cutler formations in the Paradox Basin. Finally, the Debtors' downstream segment markets and sells helium,

fractionated propanes, butanes, and natural gases directly to end-users and local markets at a premium over wholesale.

8. Beginning in or around 2020, the Debtors began experiencing issues with cash flow and liquidity. The global pandemic created a payables overhang that eventually proved too difficult for the company to overcome. The Debtors' issues worsened in 2023 due to a combination of factors including commodity price fluctuations, including a steep decline in the price of natural gas, and operational and regulatory issues which proved unsolvable due to a lack of sufficient working capital. Prior to the Petition Date, the Debtors engaged Evercore Group L.L.C. ("Evercore") to provide financial advisory services to the Debtors in connection with the evaluation of strategic and financial alternatives. Evercore was able to identify potential strategic purchasers providing indications of interest reflecting substantial value in the Debtors' assets. Additionally, in February 2023, Evercore identified a ready, willing, and able strategic lender who proposed a new lending facility to pay down existing secured debt and other obligations, fund planned capital expenditures, and provide working capital. Unfortunately, the Debtors' pre-petition secured lender, Washington Federal Bank, N.A. ("WaFd" or "Prepetition Lender"), refused to consent to the new lending.

9. Following the failed new financing, the Debtors have continued to negotiate with the Prepetition Lender in an effort to access the liquidity necessary to stabilize the Debtors' operations. To date, those efforts have not been fruitful. Additionally, the Debtors have engaged with potential third-party lenders to obtain debtor-in-possession financing.

10. On May 17, 2023, the Prepetition Lender sent a Notice of Default and Acceleration to the Debtors prompting the voluntary commencement of these Chapter 11 Cases.

### III.   RELIEF REQUESTED

11.   By this Motion, the Debtors seek entry of an order, substantially in the form submitted herewith: (i) authorizing the Debtors to (a) file a consolidated creditor matrix (the "Consolidated Creditor Matrix") and a consolidated list of the Debtors' thirty (30) largest unsecured creditors (the "Consolidated Top 30 Creditors List") and (b) redact certain personal identification information of the Debtors' individual creditors; and (ii) approving the form and manner of notifying creditors of the commencement of the Chapter 11 Cases and other information.

### IV.   BASIS FOR RELIEF REQUESTED

**A.   Consolidated Creditor Matrix**

12.   Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1).  Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file on Consolidated Creditor Matrix for all Debtors.  Such relief is permitted by Rule 14(a) of the Complex Case Procedures.

**B.   Consolidated Top 30 Creditors List**

13.   Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." FED. R. BANKR. P. 1007(d). In complex chapter 11 cases filed in the Southern District of Texas, the lead debtor in a jointly administered complex case must "file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors." *See* Complex Case Procedures, Rule 14(a).  Because a

significant number of creditors may be shared amongst the Debtors, consistent with the Complex Case Procedures, the Debtors respectfully request authority to file the Consolidated Top 30 Creditors List for all Debtors. The Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service. For the avoidance of doubt, the Debtors are not requesting authority pursuant to this Motion to (i) file consolidated schedules of assets and liabilities and statements of financial affairs or (ii) substantively consolidate the Debtors.

### C.    Redaction of Certain Personal Information of Individual Creditors

14.    Section 107(c)(1)(A) of the Bankruptcy Code provides that "the [Court], for cause, may protect an individual, … to the extent the court finds that disclosure of such information would create undue risk of identity theft," with respect to "[a]ny means of identification … contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]." 11 U.S.C. § 107(c)(1)(A).

15.    Here, cause exists to authorize the Debtors to redact address information of the Debtors' individual creditors from the Consolidated Creditor Matrix because such information could be used to, among other things, perpetrate identify theft, and poses potential safety concerns. Notwithstanding the foregoing, the Debtors propose to provide, upon request, unredacted versions of the Consolidated Creditor Matrix to the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and counsel to any official committee appointed in the Chapter 11 Cases.

### D.    Service of Notice of Commencement of the Chapter 11 Cases

16.    Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases. Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other

person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of … the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code." FED. R. BANKR. P. 2002(a)(1). Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors. *See* FED. R. BANKR. P. 2002(f).

17. The Debtors, through Donlin, Recano & Company, Inc. ("DRC"), their proposed claims and noticing agent, propose to serve the notice of commencement substantially in the form attached hereto as **Exhibit A** (the "Notice of Commencement") to all parties entitled to notice to advise them of the commencement of these Chapter 11 Cases and the section 341 meeting of creditors. Service of the Notice of Commencement on the Consolidated Creditor Matrix will not only prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' Consolidated Creditor Matrix, but also preserve judicial resources and prevent creditor confusion through the efficient service of critical information. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and proper in these Chapter 11 Cases.

## V. EMERGENCY CONSIDERATION

18. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. As described herein, the relief requested is essential to avoid the immediate and irreparable harm that would be caused by the Debtors' inability to transition smoothly into chapter 11 and the potential for disclosure of personal information of the Debtors' employees

and independent contracts, which could lead to, among other things, identity theft. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### VI.  NOTICE

19.   Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

### VII.  PRAYER

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion; and (ii) granting the Debtors such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 23rd day of May, 2023.

**OKIN ADAMS BARTLETT CURRY LLP**

By:  /s/ *Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
David L. Curry, Jr.
Texas Bar No. 24065107
Email: dcurry@okinadams.com
Ryan A. O'Connor
Texas Bar No. 24098190
Email: roconnor@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 346.247.7158

**PROPOSED ATTORNEYS FOR THE DEBTORS**

4881-8901-2835, v. 1

## CERTIFICATE OF ACCURACY PURSUANT TO B.L.R 9013-1(i)

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify the accuracy of the matters set forth in the foregoing Motion.

By: /s/ *Matthew S. Okin*
Matthew S. Okin

4881-8901-2835, v. 1