## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-90558 |
| **PARADOX RESOURCES, LLC,** *et al.,* | § | |
| | § | Chapter 11 |
| Debtors.[1] | § | |
| | § | (Joint Administration Requested) |

### DEBTORS' EMERGENCY MOTION FOR
### ENTRY OF AN ORDER EXTENDING TIME TO FILE (I) SCHEDULE
### OF ASSETS AND LIABILITIES, (II) SCHEDULE OF CURRENT INCOME
### AND EXPENDITURES, (III) SCHEDULE OF EXECUTORY CONTRACTS
### AND UNEXPIRED LEASES, AND (IV) STATEMENT OF FINANCIAL AFFAIRS

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 3:30 P.M. (PREVAILING CENTRAL TIME) ON MAY 24, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 24, 2023 AT 3:30 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.**
>
> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE JONES' HOME PAGE. THE MEETING CODE IS "JUDGEJONES". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Paradox Resources, LLC (7152); Paradox Midstream, LLC (2127); Paradox Upstream, LLC (0256); Capital Commercial Development, Inc. (3124); Neuhaus Barrett Investments, LLC (5529); Four Corners Energy, LLC (8159); and Four Corners Pipeline, LLC (8748). The Debtors' service address is: 500 Dallas Street, Suite 1600, Houston, Texas 77002.

> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JONES' HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Paradox Resources, LLC, *et al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby file this *Emergency Motion for Entry of an Order Extending Time to File (I) Schedule of Assets and Liabilities, (II) Schedule of Current Income and Expenditures, (III) Schedule of Executory Contracts and Unexpired Leases, and (IV) Statement of Financial Affairs* (the "Motion"), and in support hereof, respectfully state as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested this Motion are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 1001-1(d) and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## II. BACKGROUND

3. On May 22, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

5. The Debtors are a Houston-based independent midstream and upstream company focused on helium processing and sales, as well as oil and gas production. The Debtors operate primarily in the Paradox Basin in southern Utah and Colorado, near what is commonly referred to as the Four Corners region. The Debtors' operations are divided amongst three integrated business segments: Paradox Midstream, Paradox Upstream, and Paradox Downstream.

6. Midstream owns and operates the sole natural gas processing plant in the Paradox Basin (the "Lisbon Plant") and more than 521 miles of rich gas gathering pipelines. The Lisbon Plant, located approximately 35 miles southeast of Moab, Utah in the Lisbon Valley, is a 60 MMcfd treating plant with 1.1 MMcfd of helium processing capacity made up of purification and Liquefaction capabilities, a 45 MMcfd cryogenic plant, and a 10 MBpd fractionation train. The Lisbon Plant was specifically engineered to process the natural gas from the Paradox Basin that typically contains high amounts of carbon dioxide, hydrogen sulfide, nitrogen, and helium. Midstream's gathering system includes: (i) approximately 262 miles of wholly owned and operated pipelines; and (ii) approximately 259 miles of pipelines operated under agreements with the Navajo Nation.

7. Upstream owns and operates six conventional fields with 119,000 net acres held-by-production in the McCracken, Leadville, Ismay, La Sal, Honaker Trail and Cutler formations in the Paradox Basin. Finally, the Debtors' downstream segment markets and sells helium,

fractionated propanes, butanes, and natural gases directly to end-users and local markets at a premium over wholesale.

8. Beginning in or around 2020, the Debtors began experiencing issues with cash flow and liquidity. The global pandemic created a payables overhang that eventually proved too difficult for the company to overcome. The Debtors' issues worsened in 2023 due to a combination of factors including commodity price fluctuations, including a steep decline in the price of natural gas, and operational and regulatory issues which proved unsolvable due to a lack of sufficient working capital. Prior to the Petition Date, the Debtors engaged Evercore Group L.L.C. ("Evercore") to provide financial advisory services to the Debtors in connection with the evaluation of strategic and financial alternatives. Evercore was able to identify potential strategic purchasers providing indications of interest reflecting substantial value in the Debtors' assets. Additionally, in February 2023, Evercore identified a ready, willing, and able strategic lender who proposed a new lending facility to pay down existing secured debt and other obligations, fund planned capital expenditures, and provide working capital. Unfortunately, the Debtors' pre-petition secured lender, Washington Federal Bank, N.A. ("WaFd" or "Prepetition Lender"), refused to consent to the new lending.

9. Following the failed new financing, the Debtors have continued to negotiate with the Prepetition Lender in an effort to access the liquidity necessary to stabilize the Debtors' operations. To date, those efforts have not been fruitful. Additionally, the Debtors have engaged with potential third-party lenders to obtain debtor-in-possession financing.

10. On May 17, 2023, the Prepetition Lender sent a Notice of Default and Acceleration to the Debtors prompting the voluntary commencement of these Chapter 11 Cases.

### III.  RELIEF REQUESTED

11.  By this Motion, the Debtors seek entry of an order, substantially in the form submitted herewith: (i) granting the Debtors an additional twenty-one (21) days, without prejudice to the Debtors' ability to request additional extensions, to file their (a) Schedule of Assets and Liabilities, (b) Schedule of Current Income and Expenditures, (c) Schedule of Executory Contracts and Unexpired Leases, and (d) Statements of Financial Affairs (collectively, the "<u>Schedules and Statements</u>"); and (ii) granting related relief.

### IV.  BASIS FOR RELIEF REQUESTED

12.  Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require a debtor to file its Schedules and Statements within fourteen (14) days after the petition date.  11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c).  However, Bankruptcy Rules 1007(c) and 9006(b) authorize extensions of the time for filing Schedules and Statements "for cause."  Fed. R. Bankr. P. 1007(c) and 9006(b).  Bankruptcy Local Rule 1001-1(d) further provides that the Court may modify the application of rules in any case.  B.L.R. 1001-1(d).

13.  The Debtors submit that cause exists to grant the relief requested herein.  In the time leading up to the Petition Date, the Debtors' primary focus has been on, *inter alia*, taking all necessary steps to ensure a smooth transition into chapter 11, including preparing first day pleadings and cash collateral budget, negotiating with creditors and potential third-party lenders, and taking such other customary steps needed to maintain and maximize the value of the estates for the benefit of creditors and other parties in interest.  To that end, the Debtors have been working diligently to transition into the Chapter 11 Cases and comply with their duties as debtors in possession under the Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules.  However, given the limited resources of the Debtors, the Debtors' management has thus far been

unable to devote the time and effort needed to prepare complete and accurate Schedules and Statements.

14. To prepare the Schedules and Statements, the Debtors must gather a substantial amount of information from their books, records, and other documents relating to a multitude of transactions and parties and work with their counsel and advisors to provide the most accurate information possible.  Moreover, the nature of the Debtors' midstream and upstream business dictates a need for additional time to receive all invoices from trade creditors for work performed in the weeks prior to the Petition Date and ensure that creditors, and their respective claim amounts, are completely and accurately listed.  Consequently, the Debtors need additional time to receive prepetition invoices, review all relevant materials related to their assets and liabilities, and prepare the Schedules and Statements.

15. Given the circumstances under which the Chapter 11 Case was filed, the Debtors do not believe that they will be able to compile all the information necessary to timely and accurately file the Schedules and Statements within fourteen (14) days after entry of the order for relief, as required by Bankruptcy Rule 1007(c).  Although the Debtors' management and employees have been working closely with counsel to assemble and collate the necessary information, the Debtors anticipate that they will need a short extension of twenty-one (21) additional days, beyond what is provided by the Bankruptcy Rules, in order to prepare and file the Schedules and Statements in the appropriate format.  Thus, the Debtors request that the Court enter an order providing the Debtors through and including June 26, 2023 to file each of the Schedules and Statements.

16. The relief requested in this Motion will not prejudice any party in interest.  As required by Bankruptcy Code section 521(a) and Bankruptcy Rule 1007(a)(1) and (d), the

6

4855-8256-0354, v. 1

Debtors have filed: (i) a list setting forth the names and addresses of its creditors; and (ii) a list setting forth the names, addresses, and claim amounts of creditors holding the thirty (30) largest unsecured claims. Further, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in the Chapter 11 Cases. Accordingly, the Debtors submit that the request for an extension of twenty-one (21) days to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.

## V.    EMERGENCY CONSIDERATION

17.    The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. The Debtors' current deadline to file their Schedules and Statements is June 5, 2023. The Debtors believe that the relief requested in this Motion is critical to: (i) ensuring an orderly transition into chapter 11; and (ii) enabling the Debtors to provide accurate information to all parties in interest. Moreover, without the Court granting the relief on an emergency basis, the deadline that the Debtors seek to extend or waive will have passed before the Court's consideration of this Motion. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## VI. NOTICE

18. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## VII. PRAYER

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion; and (ii) granting the Debtors such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 23rd day of May, 2023.

**OKIN ADAMS BARTLETT CURRY LLP**

By:      /s/ *Matthew S. Okin*
      Matthew S. Okin
      Texas Bar No. 00784695
      Email: mokin@okinadams.com
      David L. Curry, Jr.
      Texas Bar No. 24065107
      Email: dcurry@okinadams.com
      Ryan A. O'Connor
      Texas Bar No. 24098190
      Email: roconnor@okinadams.com
      1113 Vine St., Suite 240
      Houston, Texas 77002
      Tel: 713.228.4100
      Fax: 346.247.7158

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF ACCURACY PURSUANT TO B.L.R 9013-1(i)

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify the accuracy of the matters set forth in the foregoing Motion.

By:   /s/ *Matthew S. Okin*
      Matthew S. Okin

4855-8256-0354, v. 1