United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Case No. 23-90558** |
| **PARADOX RESOURCES, LLC,** | § § § | **Chapter 11** |
| Debtor. | § § | |
| **Tax I.D. No. 82-5017152** | § § | |
| **In re:** | § § § | **Case No. 23-90559** |
| **PARADOX MIDSTREAM, LLC,** | § § § | **Chapter 11** |
| Debtor. | § § § | |
| **Tax I.D. No. 46-1582127** | § § | |
| **In re:** | § § § | **Case No. 23-90560** |
| **PARADOX UPSTREAM, LLC,** | § § § | **Chapter 11** |
| Debtor. | § § § | |
| **Tax I.D. No. 46-1590256** | § § | |
| **In re:** | § § § | **Case No. 23-90561** |
| **CAPITAL COMMERCIAL DEVELOPMENT, INC.,** | § § § | **Chapter 11** |
| Debtor. | § § § | |
| **Tax I.D. No. 74-2773124** | § § | |

| In re: | § | |
| --- | --- | --- |
| | § | Case No. 23-90562 |
| **NEUHAUS BARRETT** | § | |
| **INVESTMENTS, LLC,** | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 83-2855529 | § | |

| In re: | § | |
| --- | --- | --- |
| | § | Case No. 23-90563 |
| **FOUR CORNERS ENERGY, LLC** | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 36-4928159 | § | |

| In re: | § | |
| --- | --- | --- |
| | § | Case No. 23-90564 |
| **FOUR CORNERS PIPELINE, LLC** | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 85-0558748 | § | |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF
**(Relates to ECF # _7_ )**

The Court considered the *Emergency Motion for Entry of an Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Motion")[1] filed by Paradox Resources, LLC, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"). The Court, having reviewed the Motion and any objections thereto; and based on the matters reflected in the record of the hearing held on the Motion; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); that notice of the Motion was sufficient; and it appearing that the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

emergency relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and that good cause has been shown therefore, finds that the Motion should be GRANTED. It is therefore hereby **ORDERED** that:

1. The above-referenced Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 23-90558. Additionally, the following checked items are ordered:

   __√__ One disclosure statement and plan of reorganization may be filed for all of the jointly administered cases by any plan proponent.

   __√__ All of the jointly administered cases not previously assigned to Judge Jones are hereby transferred to Judge Jones.

   __√__ Parties may request joint hearings on matters pending in either of the jointly administered Chapter 11 Cases.

   __√__ Other: See below.

2. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-90558** |
| **PARADOX RESOURCES, LLC,** *et al.,* | § | |
| | § | **Chapter 11** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Paradox Resources, LLC (7152); Paradox Midstream, LLC (2127); Paradox Upstream, LLC (0256); Capital Commercial Development, Inc. (3124); Neuhaus Barret Investments, LLC (5529); Four Corners Energy, LLC (8159); and Four Corners Pipeline, LLC (8748). The Debtors' service address is: 500 Dallas Street, Suite 1600, Houston, Texas 77002.

3. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4. All pleadings and other documents to be filed in the jointly-administered Chapter 11 Cases shall be filed and docketed in the case of Paradox Resources, LLC, Case No. 23-90558.

5. A docket entry, substantially similar to the following, shall be entered on the dockets of Debtors Paradox Midstream, LLC; Paradox Upstream, LLC; Capital Commercial Development, Inc.; Neuhaus Barret Investments, LLC; Four Corners Energy, LLC; and Four Corners Pipeline, LLC:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas directing joint administration of this case solely for procedural purposes with the Chapter 11 Case of Paradox Resources, LLC, Case No. 23-90558. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 23-90558.**

6. The requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors is waived.

7. Any party in interest may request joint hearings on matters pending in any of these Chapter 11 Cases.

8. The Debtors shall maintain one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

9. The Debtors may file monthly operating reports and post-effective date quarterly operating reports on a consolidated basis for the jointly-administered Debtors; *provided*, *however*, that income and disbursements shall be tracked and broken out on a Debtor-by-Debtor basis.

10. Any creditor filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly-administered Debtors, except as otherwise provided in any other order of this Court.

11. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective Chapter 11 Cases.

12. Nothing contained in the Motion or this Order shall be deemed or construed as granting any Debtor standing to be heard on any issue affecting another jointly administered Debtor beyond what is granted in applicable law.

13. The requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

14. Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

16. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

17. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: May 23, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

4867-8687-6514, v. 1