IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 23-90558 |
| PARADOX RESOURCES, LLC, *et al.,* § | |
| § | Chapter 11 |
| Debtors. § | |
| § | (Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING USE OF
CASH COLLATERAL PURSUANT TO SECTION 363(c) OF THE
BANKRUPTCY CODE; (II) GRANTING ADEQUATE PROTECTION, LIENS AND
SUPERPRIORITY CLAIMS TO SECURED LENDERS FOR THE USE THEREOF;
(III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001
AS TO USE OF CASH COLLATERAL; AND (IV) GRANTING RELATED RELIEF**
(Relates to ECF # ___)

The Court considered the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; (II) Granting Adequate Protection, Liens and Superpriority Claims to Secured Lenders for the Use Thereof; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to the Use of Cash Collateral; and (IV) Granting Related Relief* (the "Motion"),[1] filed by Paradox Resources, LLC, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"). By the Motion, the Debtors seek entry of an order (this "Interim Order") pursuant to sections 105, 361, 362, and 363 of chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the Debtors to use "cash collateral," as such term is defined in section 363 of the Bankruptcy Code, (ii) granting the Debtors' secured creditors (the "Secured Lenders") adequate protection for use thereof, and (iii) scheduling a hearing (the "Final Hearing") to consider entry of any order authorizing use of cash collateral on a final basis (the "Final Order").

---

[1] Capitalized terms used but not defined herein shall have meanings ascribed to them in the Motion.

The Court, having considered the Motion and any objections thereto; and based on the evidence and arguments of counsel presented at the interim hearing on the Motion; and in accordance with Bankruptcy Rules 2002, 4001 and 9014, due and sufficient notice of the Motion and the interim hearing having been provided; and after due deliberation and consideration, and good and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A. <u>Petition Date</u>. On May 22, 2023 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (this "<u>Court</u>"). The Debtors have continued in the management and operation of their businesses and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this case (this "<u>Chapter 11 Case</u>"), the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this Chapter 11 Case and proceedings on the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>Notice</u>. On May 23, 2023 pursuant to Bankruptcy Rules 2002, 4001, and 9014 the Debtors served copies of the Motion to all creditors and parties in interest entitled to such notice, including: (a) the United States Trustee (the "<u>U.S. Trustee</u>"); (b) a list of the Debtors' thirty (30) largest unsecured creditors; (c) the Secured Lenders; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. Under the circumstances, such notice of the Motion and the relief requested therein complies with Bankruptcy Rule 4001(b), (c), and (d) and the Bankruptcy Local Rules, and no other notice needs to be provided for entry of this Interim Order.

D.      <u>Cash Collateral</u>.  For purposes of this Interim Order, the term cash collateral, as such term is defined in section 363 of the Bankruptcy Code (the "<u>Cash Collateral</u>"), shall mean any of the Debtors' cash in which a party claims a lien.  The Court will assume, solely for purposes of this Interim Order, that liens in the Cash Collateral claimed by a Secured Lender are valid and perfected as of the Petition Date, subject to proof of validity at a subsequent Final Hearing at which the respective Secured Lenders or any other creditor shall bear the burden of demonstrating the validity and priority of their respective liens.  The Court makes no determination in this Interim Order as to the validity or extent of any liens.

E.      <u>Cause Shown</u>.  The Debtors have an immediate and critical need to use the Cash Collateral to continue the Debtors' ordinary course business operations and to maintain the value of the bankruptcy estates until the Final Hearing to consider the entry of the Final Order by the Court.  The Secured Lenders shall permit the Debtors to use the Cash Collateral on the terms and conditions provided for herein, including the granting of the Adequate Protection Replacement Liens and Superpriority Claims (as defined below).  The adequate protection provided herein to the applicable Secured Lenders and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code and are necessary to obtain the consent or non-objection of such parties.

**NOW, THEREFORE**, based on the Motion and the record before this Court with respect to the Motion, and with good, adequate, and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.      <u>Motion Granted</u>.  The Motion is hereby granted in accordance with the terms and conditions set forth in this Interim Order.  Any objections to the relief requested in the Motion that have not been previously resolved or withdrawn are hereby denied and overruled. The Debtors are

hereby authorized, on an interim basis, to use Cash Collateral in accordance with and subject to the Budget (as defined below) and the terms and conditions provided in this Interim Order to pay the expenses described in the expenditures contained in the budget attached hereto as **Exhibit A** (as such budget may be amended, modified or supplemented in accordance with this Interim Order, the "Budget").

2. Final Hearing. The Final Hearing to consider entry of the Final Order shall be held on _____, 2023 at _____ (prevailing Central Time). Any objections to the relief requested in the Motion shall be filed by _____, 2023 (the "Objection Deadline").

3. Adequate Protection. The Secured Lenders are entitled, pursuant to sections 361, 362, and 363 of the Bankruptcy Code, to adequate protection of their interests in the Cash Collateral to the extent of the aggregate post-petition diminution in value of such Cash Collateral on account of the Debtors' use, sale, or lease of the Cash Collateral from and after the Petition Date (the "Diminution in Value"). In consideration for the use of Cash Collateral and as adequate protection for, and to secure payment for the aggregate Diminution in Value, (i) maintain the value of their business as a going-concern; and (ii) comply at all times with the Budget, subject to reasonable variances (collectively, "Adequate Protection").

4. Adequate Protection Replacement Liens. To the extent of any Diminution in Value, each Secured Lender, is hereby granted, pursuant to sections 361 and 363 of the Bankruptcy Code, valid, automatically perfected and enforceable additional adequate protection replacement liens (the "Replacement Liens"), in accordance with the priority of the applicable Secured Lender and subject to the Carve-Out and only in collateral of the same type as such Secured Lender has a valid prepetition lien. The foregoing shall not, nor shall any other provision of this Interim Order be

construed as, a determination or finding that there has been or will be any Diminution in Value of Cash Collateral and the rights of all parties as to such issues are hereby preserved.

5. <u>Priority and Automatic Perfection of Replacement Liens</u>. The Replacement Liens shall at all times be senior to any security interest, assignment, or lien of any creditor or other party in interest in this Chapter 11 Case other than the Carve-Out, and except for any liens, security interests, or setoff rights existing on the Petition Date that are valid, properly perfected, unavoidable, and senior to any prepetition liens of the respective Secured Lenders, in which case the Replacement Liens shall be immediately junior in priority to such preexisting senior interests.

6. <u>Superpriority Claim</u>. Subject to the Carve-Out, and to the extent of any Diminution in Value, the Secured Lenders are hereby further granted an allowed superpriority administrative expense claim (the "<u>Superpriority Claims</u>"), as provided and to the full extent allowed by sections 503(b) and 507(b) of the Bankruptcy Code, with priority over all administrative expense claims and unsecured claims against the Debtor and its estate, now existing or hereafter arising, of any kind or nature whatsoever.

7. <u>Budget Maintenance</u>. The Debtors shall be permitted to use Cash Collateral solely for the purposes set forth in the Budget, and only up to the respective aggregate amount of disbursements set forth in the Budget for any week during the term of this Interim Order, subject to the permitted Variance (as defined below). The Debtors may not use, sell, or expend, directly or indirectly, the Cash Collateral except pursuant to the Budget, subject to the permitted Variance and upon the terms and conditions set forth in this Interim Order. The consent of the respective Secured Lenders to the Debtors' use of Cash Collateral pursuant to the Budget shall not be deemed to be consent to any further or other use of the Cash Collateral. The Budget shall be updated, modified, or supplemented by the Debtor from time to time, but in any event, and upon written

5

4884-0305-3926, v. 1

request to counsel for the Debtors, the Budget shall be updated by the Debtors and delivered to the Secured Lenders on or before the Friday ending every consecutive four (4) week period. Such amended Budget will be deemed accepted unless a Secured Lender timely provides written notice setting forth a specific objection to the new Budget within three (3) business days of service of the proposed amended Budget by the Debtors. The Debtors may operate under the amended Budget immediately upon service of the amended Budget to the Secured Lender and until notice of an objection, if any, is received from a Secured Lender in accordance with this Interim Order. In the event of a disagreement between any Secured Lender and the Debtors regarding any updated, modified, or supplemented budget, the Budget (or the most recent budget agreed to by the Debtors and Secured Lenders), will continue to stay in place and the Debtors may continue to use Cash Collateral in accordance with such budget and this Interim Order unless and until such updated, modified, or supplemented budget is approved by, and is in a form and substance satisfactory to both the Debtors and Secured Lenders.

8.  Budget Compliance. The Debtors shall at all times comply with the Budget, subject to an allowed cumulative variance of less than or equal to fifteen percent (15%) in the aggregate of the expense line items set forth on the Budget (the "Variance").

9.  Carve-Out. Subject to the terms and conditions contained in this paragraph, the prepetition liens of the Secured Lenders, the Replacement Liens and the Superpriority Claims shall be subject and subordinate to payment of a carve-out (the "Carve-Out"). As used in this Interim Order, the term "Carve-Out" shall mean: (a) quarterly fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6); and any fees payable to the Clerk of the Bankruptcy Court (the "Statutory Fees"); (b) actually incurred expenses included in the Budget but unpaid as of the termination of the Debtors' right to use Cash Collateral under this Interim Order; and (c) the aggregate amount

of any fees and expenses of any estate professionals (the "Professionals") included in the Budget which are actually incurred, but unpaid as of the termination of the Debtors' right to use Cash Collateral under this Interim Order, but only to the extent incurred and unpaid, such fees and expenses have been previously or subsequently are approved by this Court and only to the extent such incurred and unpaid fees and expenses exceed any retainer held by any such Professional at the time of such termination.[2] In addition, the Carve-Out shall include the reasonable fees and expenses incurred by a trustee under section 726(b) of the Bankruptcy Code in an amount not to exceed $10,000. Nothing herein shall be construed to impair the ability of any party in interest to object any fees, expenses, reimbursement, or compensation sought by the Professionals, nor shall anything herein be construed to affect the rights of any party in interest to file an application for the allowance of fees and expenses.

10. No Waiver of Right to Object to Professional Fees. Nothing herein shall be construed as consent to the allowance of any professional fees or expenses of the Debtors, any official or unofficial committee in the Chapter 11 Case, or of any other person or entity, or shall affect the right of any Secured Lender to object to the allowance and payment of such fees and expenses.

11. Dismissal of Case. If any order dismissing the Chapter 11 Case under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code), that: (a) the Adequate Protection shall continue in full force and effect and in accordance with their priorities as provided in this Interim Order until the prepetition indebtedness of the respective Secured Lenders has been fully satisfied

---

[2] For the avoidance of doubt, approved Professional fees and expenses accrued and budgeted to be paid in a week later than the termination of the Debtors' right to use Cash Collateral under this Interim Order shall be included in the Carve-Out to the extent they are incurred prior to the termination date.

(and that all the Adequate Protection shall, notwithstanding such dismissal, remain binding on all parties in interest); and (b) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the Adequate Protection.

12. <u>Survival of Order</u>.  The provisions of this Interim Order, any actions taken pursuant hereto or thereto, the Adequate Protection, and all other rights, remedies, liens, priorities, privileges, protections, and benefits granted to the Secured Lenders, respectively, shall survive, and shall not be modified, impaired, or discharged by, the entry of any order confirming any plan of reorganization in the Chapter 11 Case, converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, dismissing the Chapter 11 Case, withdrawing of the reference in the Chapter 11 Case or any successor case or providing for abstention from handling or retaining of jurisdiction of the Chapter 11 Case in this Court or by any other act or omission.

13. <u>Order Governs</u>.  In the event of any inconsistency between the terms and conditions of this Interim Order or any other order entered by this Court, the provisions of this Interim Order shall govern and control.  Notwithstanding anything to the contrary in any other order entered by this Court, any payment made, or authorization contained in, any other order entered by this Court shall be consistent with and subject to the requirements set forth in this Interim Order, including, without limitation, the Budget.

14. <u>Enforceability</u>.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to the Bankruptcy Rule 7052 and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon execution hereof.  Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and

4884-0305-3926, v. 1

enforceable upon its entry, and there shall be no stay of execution or effectiveness of this Interim Order.

15. <u>Retention of Jurisdiction</u>.   This Court shall retain jurisdiction to implement, interpret, and enforce the provisions of this Interim Order.

Signed: _____, 2023.

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE