IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 23-90558 |
| **PARADOX RESOURCES, LLC,** *et al.,* § | |
| § | Chapter 11 |
| Debtors. § | |
| § | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION
WAGES TO EMPLOYEES AND (II) GRANTING RELATED RELIEF**
**(Relates to ECF # ___)**

The Court considered the *Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Pay Prepetition Wages to Employees and (II) Granting Related Relief* (the "Motion")[1] filed by Paradox Resources, LLC, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors").  The Court, having reviewed the Motion and any objections thereto; and based on the matters reflected in the record of the hearing held on the Motion; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); that notice of the Motion was sufficient; and it appearing that the emergency relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and that good cause has been shown therefore, finds that the Motion should be GRANTED.  It is therefore hereby **ORDERED** that:

1.  The Debtors are authorized, in their discretion, to pay and remit in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, prepetition Employee Obligations and all costs incident to the foregoing in accordance with the Debtors' customary policies, including, but not limited to: (i) wage obligations; (ii) payroll taxes

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and deductions; (iii) reimbursable expenses, if any; (iv) benefit service provider fees; and (v) employee benefits and fees related thereto in the ordinary course of business as they come due.

2. The Debtors are authorized, but not directed, to maintain and continue to honor, on a post-petition basis, their practices, programs and policies in place for the benefit of their Employees as were in effect as of the Petition Date, as such may be modified, amended, or supplemented from time to time in the ordinary course of business.

3. The Debtors' banks and financial institutions, including Washington Federal Bank, N.A. and Wells Fargo Bank, N.A. (collectively, the "Banks"), on which checks are drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, to the extent of available, cleared funds in such accounts, and all such Banks are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

4. If any of the Banks honors a prepetition check or other item drawn on any account that is the subject of this Order, including the payment of Employee Obligations: (a) at the direction of the Debtors to honor such prepetition check or item; (b) in good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake, such Banks shall not be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

5. The Banks are authorized to rely upon the representations of the Debtors as to which checks and transfers to honor with respect to payment of Employee Obligations.

6. The Banks are prohibited from placing any holds on, or attempting to reverse or otherwise interfere with, any checks or transfers to the Employees' accounts on account of the Employee Obligations, and the costs and expenses incident thereto.

7. The Debtors are authorized, but not directed, to issue new post-petition checks or effect new post-petition electronic funds transfers in replacement of any checks or transfer requests on account of the Employee Obligations dishonored or rejected as a result of the commencement of the Chapter 11 Cases, if any.

8. The Debtors are authorized, but not directed, to pay all post-petition costs and expenses incident to the Employee Obligations, including administrative and processing fees (including but not limited to, any fees to PayNorthwest) to outside professionals in the ordinary course of business in accordance with their prepetition practices.

9. Notwithstanding anything contained in the Motion or this Order, any payment authorized to be made by the Debtors herein shall be subject to and consistent with the terms and conditions contained in any orders entered by this Court authorizing post-petition financing and/or the use of cash collateral and any accompanying approved budget (the "Cash Collateral Order"). To the extent there is any conflict between this Order and the applicable Cash Collateral Order and approved budget, the terms of the applicable Cash Collateral Order and approved budget shall control.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2023.

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE