**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-90558** |
| **PARADOX RESOURCES, LLC,** *et al.,* | § | |
| | § | **Chapter 11** |
| **Debtors.** | § | |
| | § | **(Joint Administration Requested)** |

**ORDER (I) PROHIBITING UTILITY COMPANIES FROM
ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING
UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE,
(III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE
ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF**
(Relates to ECF # ___)

The Court considered the *Emergency Motion for Entry of an Order (I) Prohibiting Utility Companies From Altering, Refusing or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, (III) Establishing Procedures for Determining Adequate Assurance of Payment, and (IV) Granting Related Relief* (the "Motion"),[1] filed by Paradox Resources, LLC, *et al*., the above-captioned debtors and debtors in possession (the "Debtors"). The Court having reviewed the Motion and any objections thereto; and based on the matters reflected in the record of the hearing held on the Motion; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); that notice of the Motion was sufficient; and it appearing that the emergency relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and that good cause has been shown therefore, finds that the Motion should be GRANTED.  It is therefore hereby **ORDERED** that:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1.      Any Utility Provider that objects to the relief sought in the Motion must file a written objection to the Motion and serve a copy of the objection on counsel for the Debtors so that the objection is received on or before **June 14, 2023 at 5:00 p.m. (prevailing Central Time)** (the "Objection Deadline").

2.      The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of post-petition Utility Services rendered by the Utility Providers to the Debtors.

3.      The Debtors' proposal to pay all invoices in the ordinary course of business and to remain current with such post-petition obligations is hereby approved as providing adequate assurance of payment for future services to the Utility Providers.  In addition, the following adequate assurance is hereby approved:

   a. The Debtors shall deposit the Adequate Assurance Deposit equal to the Debtors' estimated average costs for one (1) month of Utility Services in an Adequate Assurance Account on or before June 14, 2023, subject to and consistent with any cash collateral order entered and accompanying budget approved by the Court in these Chapter 11 Cases; and

   b. The Adequate Assurance Deposit shall remain in the Adequate Assurance Account during the pendency of the Chapter 11 Cases and may be applied to any post-petition defaults in payments to the Utility Providers; *provided*, *however*, the Debtors may reduce the Adequate Assurance Deposit in the event that their relationship with any Utility Provider ends as a result of a vacating office space, terminating Utility Services, or otherwise.  In that event, the Debtors may reduce the Adequate Assurance Deposit by the portion escrowed for any Utility Provider whose relationship has been terminated.

4.      Subject to the procedures described below, no Utility Provider may alter, refuse, terminate, or discontinue services to, and/or discriminate against the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of unpaid invoices for services provided by any of the Utility Providers to the Debtors prior to the Petition Date.

5.      Notwithstanding the terms of paragraph 4, above, the following procedures shall be used by the Court to determine, if necessary, whether the requested assurance of payment by a Utility Provider is adequate (the "Adequate Assurance Procedures"):

a.   Absent compliance with these Adequate Assurance Procedures, a Utility Provider may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

b.   Within three (3) business days after the entry of this Order, the Debtors will serve a copy of the Order on the Utility Providers on the Utility Service List.  In the event that any Utility Provider has been omitted from the Utility Service List, the Debtors shall supplement the Utilities Service List and shall promptly serve a copy of the Order on such Utility Provider upon learning of such omission.

c.   If a Utility Provider is not satisfied with the proposed adequate assurance provided by the Debtors, the Utility Provider must first make a request for additional assurance of payment (a "Request") and serve such Request upon counsel for the Debtors, Okin Adams LLP, 1113 Vine Street, Suite 240, Houston, Texas 77002 (Attn: Matthew S. Okin, email: mokin@okinadams.com; David L. Curry, Jr., email: dcurry@okinadams.com; and Ryan A. O'Connor, email: roconnor@okinadams.com).   Any such Request by a Utility Provider must specify the amount and nature of assurance of payment that would be satisfactory to the Utility Provider and must set forth: (i) the type of utility services that are provided; (ii) the location for which the relevant utility services are provided; (iii) a list of any deposits or other security currently held by such Utility Provider; and (iv) a description of any payment delinquency or irregularity by the Debtors for the post-petition period.

d.   Without further order of the Court, the Debtors may enter into agreements granting to the Utility Providers that have submitted Requests any assurance of payment that the Debtors, in their sole discretion, determine is reasonable, subject only to and consistent with the terms of any cash collateral order entered and accompanying budget approved by the Court in these Chapter 11 Cases; *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the U.S. Trustee and any official committee appointed in these Chapter 11 Cases upon request written request.

e.   If a Utility Provider timely submits a Request for assurance of payment that the Debtors believe is unreasonable, and if after good faith negotiations by the parties, the parties are unable to resolve the issue, the Utility Provider may file an

3

objection to these Adequate Assurance Procedures; *provided*, *however*, that any such objection must be filed by the Objection Deadline set forth in this Order.

    f.    Unless otherwise agreed by the Debtors pursuant to these Adequate Assurance Procedures, any Utility Provider that does not timely object to the Adequate Assurance Procedures will be deemed to have received assurance of payment that is satisfactory to the Utility Provider under section 366(c)(2) of the Bankruptcy Code without further action by the Debtors, and without prejudice to the right of such Utility Provider to seek relief in the future pursuant to section 366(c)(3).

6.    Notwithstanding anything contained in the Motion or this Order, any payment authorized to be made by the Debtors herein shall be subject to the terms and conditions contained in any orders entered by this Court authorizing post-petition financing and/or the use of cash collateral and any accompanying approved budget (the "Cash Collateral Order").  To the extent there is any conflict between this Order and the applicable Cash Collateral Order and approved budget, the terms of the applicable Cash Collateral Order and approved budget shall control.

7.    Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by Bankruptcy Code sections 362 and 365 or other applicable law, and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to Bankruptcy Code section 365.  Nothing in this Order shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

8.    To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.

9.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2023.

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

4892-4012-5794, v. 2