IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-90558 |
| **PARADOX RESOURCES, LLC,** *et al.*, | § | |
| | § | **Chapter 11** |
| Debtors. | § | |
| | § | (Joint Administration Requested) |

**ORDER AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS,
CASH MANAGEMENT SYSTEM, FORMS, AND BOOKS AND RECORDS**
(Relates to ECF # _____)

The Court considered the *Emergency Motion for Entry of an Order Authorizing Continued Use of Prepetition Bank Accounts, Cash Management System, Forms, and Books and Records* (the "Motion"),[1] filed by filed by Paradox Resources, LLC, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"). The Court, having reviewed the Motion and any objections thereto; and based on the matters reflected in the record of the hearing held on the Motion; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); that notice of the Motion was sufficient; and it appearing that the emergency relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and that good cause has been shown therefore, finds that the Motion should be GRANTED. It is therefore hereby **ORDERED** that:

1. To the extent any of the Debtors' Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's Guidelines, the Debtors shall have thirty (30) days from the entry of this Order, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy code and any of the U.S. Trustee's Guidelines. The Debtors may obtain a further extension of the period referenced above by entering

---

[1] Capitalized terms used but not defined herein shall have meanings ascribed to them in the Motion.

2

into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further order of the Court; *provided*, *however*, that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.

2.      The Debtors are authorized and directed to deposit funds into the Accounts listed in the Motion in accordance with their established deposit practices in effect as of the commencement of the Chapter 11 Cases.

3.      The Debtors are authorized to maintain and continue to use their existing Cash Management System; *provided*, *however*, that the Debtors shall continue to maintain detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly, which records shall distinguish between prepetition and post-petition transactions, as applicable. The Debtors shall: (a) maintain records of all transactions between the Debtors and any non-Debtor affiliates; and (b) make such records available to the U.S. Trustee and any statutory committee upon reasonable request. To the extent that the transfers within the Cash Management System are disbursements, they will be noted and reflected on the monthly operating reports filed in the Chapter 11 Cases.

4.      The Debtors are authorized to use their existing Business Forms and other forms related to the Debtors' Accounts without reference to each Debtor's respective status as a debtor in possession; *provided*, *however*, that any new business forms and check stock used by the Debtors shall contain the designation "Debtor in Possession" and the corresponding bankruptcy case number. With respect to any Business Forms or check stock that are generated electronically, the Debtors shall ensure that such electronic Business Forms or check stock are designated and labeled "Debtor in Possession" within ten (10) business days of the entry of this Order.

5.  Banks at which the Debtors have their Accounts, including Washington Federal Bank and Wells Fargo Bank, N.A. (collectively with any other applicable bank, the "Banks"), are directed to maintain and administer such Accounts in accordance with the contracts entered into between the Debtors and such Banks before the filing of the Chapter 11 Cases and otherwise in accordance with past practice.

6.  Those certain existing deposit agreements between the Debtors and the applicable Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

7.  The Banks are hereby authorized, without further order of this Court, to deduct from the appropriate Accounts the bank fees that are incurred in connection therewith in the ordinary course of business.

8.  The Debtors and the Banks may, without further Order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of Accounts. Notwithstanding the foregoing, any new account that the Debtors open shall be: (i) with a bank that is organized under the laws of the United States or any state therein, and that is insured by the FDIC or the Federal Savings and Loan Insurance Corporation; (ii) designated as an authorized depository by the U.S. Trustee; (iii) designated a "Debtor in Possession" account by the relevant bank; and (iv) with a bank that agrees to be bound by the terms of this Order. The new accounts shall be deemed to be "Accounts" as defined in the Motion and are similarly subject to the rights, obligations, and relief granted in this Order. The Debtors shall provide the U.S. Trustee and any statutory committee

appointed in the Chapter 11 Cases with notice of any new Accounts that are opened, or Accounts that are closed.

9. The Banks are authorized and directed to honor the Debtors' requests to open or close (as the case may be) any Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided*, *however*, the Banks shall not have any liability to any party for relying in good-faith on such representations to the extent such reliance otherwise complies with applicable law.

10. Banks at which the Debtors' Accounts are maintained are authorized to debit the Debtors' Accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtors' Accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

11. Any of the Debtors' Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors.

12. All Banks maintaining any of the Debtors' Accounts that are provided with notice of this Order shall not honor or pay any amount drawn on the listed Accounts or otherwise issued

before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Accounts.

13.     Absent a separate order of this Court, the Debtors may identify for the Banks all checks drawn on the Debtors' Accounts outstanding on the Petition Date and instruct the Banks to dishonor the same.  Any Bank that honors a prepetition check or other items drawn on the Debtors' Accounts: (a) at the direction of the Debtors; (b) in good faith belief that the Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite implementation of reasonable item handling procedures, shall not be deemed to be liability to the Debtors or their estates or otherwise in violation of this Order.

14.     Nothing contained in the Motion or this Order shall be construed to: (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any interest or encumbrance on the property of either Debtor or their estates that existed as of the Petition Date.

15.     The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or funds transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed where such payments are authorized pursuant to this Order or any separate order of the Court.

16.     The Debtors shall provide the U.S. Trustee and any statutory committee appointed in the Chapter 11 Cases with notice of any material changes to their Cash Management System.

17.     Notwithstanding anything contained in the Motion or this Order, any payment authorized to be made by the Debtors herein shall be subject to the terms and conditions contained in any orders entered by this Court authorizing post-petition financing and/or the use of cash collateral and any accompanying approved budget (the "<u>Cash Collateral Order</u>").  To the extent

there is any conflict between this Order and the applicable Cash Collateral Order and approved budget, the terms of the applicable Cash Collateral Order and approved budget shall control.

18. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of any Debtor's or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property or its estate; (c) a promise or requirement to pay any prepetition claim; (d) a request or authorization to assume, adopt, or reject any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion, this Order, or any order granting the relief requested by the Motion; (f) an implication, admission, or finding as to (i) the validity, enforceability, or perfection of any interest or encumbrance on the property of any Debtor or its estate or (ii) the applicability of any exception or exclusion from property of the estate under section 541 of the Bankruptcy Code or other applicable law; (g) an impairment or waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or other applicable law.

19. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

20. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4858-3638-2818, v. 1

22. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2023.

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE