United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 23-90558 |
| PARADOX RESOURCES, LLC, *et al.*, | § § § | Chapter 11 |
| Debtors.[1] | § § | (Jointly Administered) |

## STIPULATION AND AGREED ORDER

This Stipulation and Agreed Order (the "Stipulation" or "Order") is entered into by and among: (a) Paradox Resources, LLC, *et al*., the debtors and debtors in possession (collectively, the "Debtors"); (b) the Official Committee of Unsecured Creditors (the "Committee"); and (c) Washington Federal Bank ("WaFd," and collectively with the Debtors and Committee, the "Parties"):

## BACKGROUND

A.   On May 22, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered by the Court under Case No. 23-90558.

B.   On May 24, 2023, the Court entered its *Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; (II) Granting Adequate Protection, Liens and Superpriority Claims to Secured Lenders for the Use Thereof; (III) Scheduling a Final*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Paradox Resources, LLC (7152); Paradox Midstream, LLC (2127); Paradox Upstream, LLC (0256); Capital Commercial Development, Inc. (3124); Neuhaus Barrett Investments, LLC (5529); Four Corners Energy, LLC (8159); and Four Corners Pipeline, LLC (8748). The Debtors' service address is: 500 Dallas Street, Suite 1600, Houston, Texas 77002.

*Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral; and (IV) Granting Related Relief* [ECF # 34] (the "First Interim Cash Collateral Order").

C. On June 5, 2023, the Court entered its *Second Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; (II) Granting Adequate Protection, Liens and Superpriority Claims to Secured Lenders for the Use Thereof; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral; and (IV) Granting Related Relief* [ECF # 69] (the "Second Interim Cash Collateral Order," and together with the First Interim Cash Collateral Order, the "Cash Collateral Orders").

D. On June 28, 2023, the Court entered its *Interim Order (I) Authorizing Use of Cash Collateral; (II) Authorizing the Debtors to Obtain Secured Post-Petition Financing; (III) Granting Liens and Superpriority Claims; (IV) Granting Adequate Protection; (V) Scheduling a Final hearing; and (VI) Granting Related Relief* [ECF # 136] (the "Interim DIP Order").

E. On July 28, 2023, the Court entered its *Final Order (I) Authorizing Use of Cash Collateral; (II) Authorizing the Debtors to Obtain Secured Post-Petition Financing; (III) Granting Liens and Superpriority Claims; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; and (VI) Granting Related Relief* [ECF # 197] (the "Final DIP Order," and collectively with the Interim DIP Order, the "WaFd DIP Orders").

F. On November 14, 2023, the Court entered its *Order (I) Authorizing and Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, (II) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [ECF # 427] (the "Sale Order") which, among other things, approved that certain Asset Purchase Agreement (the "Purchase Agreement") by and

among the Debtors and GNG Partners, LLC (the "Buyer") for the sale of substantially all of the Debtors' assets.

G.     That same day, the Court entered its *Interim Order (I) Authorizing the Debtors to Obtain Supplemental Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [ECF # 428] (the "Interim Supplemental DIP Order").

H.     On November 29, 2023, the Court entered its *Final Order (I) Authorizing the Debtors to Obtain Supplemental Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [ECF # 438] (the "Final Supplemental DIP Order," and together with the Interim Supplemental DIP Order, the "Supplemental DIP Orders").

I.     On January 12, 2024, the Court entered its *Order (I) Approving Amendment to Asset Purchase Agreement; (II) Authorizing Use of Extension Payment and Cash Collateral; and (III) Granting Related Relief* (the "Extension Order," and together with the Cash Collateral Orders, WaFd DIP Orders, and Supplemental DIP Orders, the "Applicable Orders").[2]

J.     In an effort to avoid unnecessary litigation, including with respect to the Carve Out(s) provided in the Applicable Orders and their respective Budgets, the Parties agree to this Stipulation as set forth herein.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Applicable Orders, the Sale Order or the Purchase Agreement.

**STIPULATION AND AGREED ORDER**

NOW, THEREFORE, the Parties hereby stipulate, and the Court hereby adopts such stipulation and **ORDERS** as follows:

1. The above stipulated facts are hereby adopted as findings sufficient to support the relief set forth herein.

2. The Carve Out provided for in the Applicable Orders and their accompanying approved Budgets shall be capped in the aggregate total and maximum amount of $3,250,000 for the entirety of the Chapter 11 Cases.

3. The Debor and the Committee agree that upon closing of the sale of the Purchased Assets, whether pursuant to the Purchase Agreement (as may amended, modified, or supplemented) by and among the Debtors and Buyer or any other asset purchase agreement pursuant to an Alternative Transaction as may be approved by the Court, $1,000,000 of the cash portion of the Purchase Price shall be paid to WaFd (the "WaFd Closing Payment") before proceeds are applied to fund the Carve Out.

4. To the extent the cash on hand at closing is insufficient for the Debtors to both fund the Carve Out and make the full amount of the WaFd Closing Payment as set forth above, the amount of cash that may be used to fund the Carve Out shall be reduced by the balance of the amount needed for the Debtors to make the full WaFd Closing Payment; *provided*, *however*, that for the avoidance of doubt, the reduction of the cash that may be used to fund the Carve Out shall not constitute a reduction in the amount of the Carve Out itself provided for in the Applicable Orders and their respective Budgets (it being the intent of the Parties that this Stipulation shall only affect the timing payments to the Debtors' and Committee's retained professionals

4

(collectively, the "Professionals") rather than the budgeted amounts for Professionals provided in the Applicable Orders).

5. In the event of a reduction in the funds available under the Carve Out to pay Professionals pursuant to the above-paragraph, then (i) the reduction shall apply to all Professionals on a *pro rata* basis, and (ii) the Professionals shall be entitled to receive payment of the outstanding balances pursuant to the Note to be executed at closing in accordance with the Purchase Agreement.

6. Nothing in this Order shall be deemed to be an approval of any Professional fees or expenses or shall otherwise modify the provisions of the Court's orders approving the employment and retention of such Professionals.

7. All other rights of the Parties are expressly reserved.

Signed: January 16, 2024

Christopher Lopez
United States Bankruptcy Judge

AGREED TO IN FORM AND SUBSTANCE:

| | |
|---|---|
| **OKIN ADAMS BARTLETT CURRY LLP**<br><br>By:  /s/ *Matthew S. Okin*<br>　　Matthew S. Okin<br>　　Texas Bar No. 00784695<br>　　Email: mokin@okinadams.com<br>　　David L. Curry, Jr.<br>　　Texas Bar No. 24065107<br>　　Email: dcurry@okinadams.com<br>　　Ryan A. O'Connor<br>　　Texas Bar No. 24098190<br>　　Email: roconnor@okinadams.com<br>　　1113 Vine St., Suite 240<br>　　Houston, Texas 77002<br>　　Tel: 713.228.4100<br>　　Fax: 346.247.7158<br><br>**ATTORNEYS FOR THE DEBTORS** | **GRAY REED**<br><br>By:  /s/ *Lydia R. Webb*<br>　　Jason S. Brookner<br>　　Texas Bar No. 24033684<br>　　Lydia R. Webb<br>　　Texas Bar No. 24083758<br>　　Amber M. Carson<br>　　Texas Bar No. 24075610<br>　　1300 Post Oak Blvd., Suite 2000<br>　　Houston, Texas 77056<br>　　Telephone: (713) 986-7000<br>　　Facsimile: (713) 986-7100<br>　　Email: jbrookner@grayreed.com<br>　　Email: lwebb@grayreed.com<br>　　Email: acarson@grayreed.com<br><br>**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

**McGinnis Lochridge LLP**

By:  */s/ Christopher L. Halgren*
　　Christopher L. Halgren
　　State Bar No. 24069859
　　Southern District Federal Bar No. 1062824
　　chalgren@mcginnislaw.com
　　Catherine C. Curtis
　　State Bar No. 24074100
　　Southern District Federal Bar No. 1129434
　　ccurtis@mcginnislaw.com
　　Elias M. Yazbeck
　　State Bar No. 24132103
　　Southern District Federal Bar No. 3811523
　　eyazbeck@mcginnislaw.com
　　609 Main Street, Suite 2800
　　Houston, Texas 77002
　　(713) 615-8500
　　(713) 615-8585 (Fax)

**ATTORNEYS FOR WASHINGTON FEDERAL BANK**